**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**MICHAEL RAY ALFORD**

**SEALED**
**INDICTMENT**

5:16cr28-RH

**THE GRAND JURY CHARGES:**

**COUNT ONE**

Between on or about July 22, 2009, and on or about December 9, 2014, in the Northern District of Florida and elsewhere, the defendant,

**MICHAEL RAY ALFORD,**

did knowingly receive, and attempt to receive, material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

FiledNOV01'16USDCFlnPM1218

## COUNT TWO

On or about December 9, 2014, in the Northern District of Florida, the defendant,

**MICHAEL RAY ALFORD,**

did knowingly possess material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## CRIMINAL FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2253. From his engagement in the violations alleged in Counts One and Two of this Indictment, the defendant,

**MICHAEL RAY ALFORD,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

A. Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, United States Code;

B. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses alleged in Counts One and Two of this Indictment; and

C. Any property, real or personal, used, or intended to be used, to commit or promote the commission of the offenses alleged in Counts One and Two of this Indictment.

D. The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, and hard disk drives or units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the hardware and software mentioned above, tools, equipment, and manuals and documentation for the assembly and use of the hardware and software mentioned above.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

i. cannot be located upon the exercise of due diligence;

ii. has been transferred or sold to, or deposited with, a third person;

iii. has been placed beyond the jurisdiction of the Court;

iv. has been substantially diminished in value; or

v. has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of any forfeitable property described above.

A TRUE BILL:

REDACTED

FOREPERSON

11-1-16

DATE

CHRISTOPHER P. CANOVA
United States Attorney

JEFFREY M. THARP
Assistant United States Attorney