IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                                         CASE No. 5:16cr28/RH

MICHAEL RAY ALFORD
_____/

## TRIAL BRIEF

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and represents that it has previously discussed the legal and factual issues with the attorney for the defendant herein pursuant to N.D. Loc. R. 26.2 with respect to those matters set forth in the rule. Counsel now files this report as required by N.D. Loc. R. 26.2 as follows:

A. <u>Discovery material provided</u>:

1.  Government:

The Government represents that it has generally provided the defendant with all discovery required by the rule, including any known *Brady* material.  It further represents that more discovery was provided than is required by the rule; this includes supplemental packets of discovery.  Further, all the Government's evidence has been made available to the defense for review in advance of the trial date.

2.      Defendant:

The defendant has provided the government with a notice of expert testimony of defense witness Mr. Daniel Meinke.

B. <u>Stipulations as to Evidence</u>:

1.      The parties are not currently engaged in any stipulations.  However, the defendant does not object to the admission of the following business record and certified copy of a public record without testimony from an evidence custodian, pursuant to Federal Rule of Evidence 902(4) and (11):

   a.   The defendant's Florida Driver and Vehicle Information Database record; and

   b.   Comcast subscriber information for the defendant's residence.

C. <u>Remaining legal issues and case summary</u>:

1.      The Government hereby, in advance, moves for the production of any defense witness' statements as provided for in Rule 26.2, Fed. R. Crim. Procedure. While the Government recognizes that the defense is not required to produce a witness statement until after that witness has testified, the Government is making such request, in advance, to make sure the defense has copies available and can produce them without unnecessary delay.

2.      The Government intends to publish to the fact finder, and is entitled to do so, images and videos of child pornography seized from the defendant's Google

email account and digital media.  *See United States v. Alfaro-Mocada*, 607 F.3d 720, 734 (11th Cir. 2010); *United States v. McCourt*, 468 F.3d 1088, 1091-1092 (8th Cir. 2006); *United States v. Sewell*, 457 F.3d 841, 843-844 (8th Cir. 2006); *United States v. Dodds*, 347 F.3d 893, 897-899 (11th Cir. 2003); *United States v. Becht*, 267 F.3d 767, 773 (8th Cir. 2001); *United States v. Campos*, 221 F.3d 1143, 1148-1149 (10th Cir. 2000).  The Government provides this notice of its intent because the defendant has not entered into a stipulation, nor can a stipulation prevent the United States from publishing the evidence to the jury. *United States v. Ballard*, 448 Fed. Appx. 987, 988-989 (11th Cir. 2011)(affirming district court's admission of every child pornographic image and a portion of the videos despite the defendant's stipulation that the images and videos were child pornography because the images and videos were "part of the actual pornography possessed"); *Alfaro-Mocada*, 607 F.3d at 734 (affirming district court's admission and publication of child pornography images to the jury "[e]ven if showing the images to the jury created some risk of injecting emotions into the jury's decision-making" process).

    3.    The Government anticipates the evidence will reveal that between July 22, 2009, and December 9, 2014, the defendant received or attempted to receive child pornography.  Specifically, the defendant received multiple emails containing child pornography to his Google email account.  In addition, child pornography images and search terms were located on computers seized from his

residence.

This investigation began in Montana in September 2014, when the defendant made a lewd telephone call to a Kmart store using Google Voice.  Thereafter, Detective Stephen Murphy of the Hamilton, Montana, Police Department applied for a search warrant to obtain account information from Google to identify the person who made the lewd telephone call.  Google provided Detective Murphy evidence from the Google account in which Detective Murphy found emails containing videos and photographs of children engaged in sexual acts.  Detective Murphy believed the Google account holder lived in the Northern District of Florida and transferred the investigation.  Thereafter, Homeland Security Investigations (HSI) discovered the IP address from the Google account linked back to the defendant's residence in Florida.

On December 3, 2014, HSI task force officer Detective Matthew Williams applied for a federal search warrant in Panama City, Florida, to search the defendant's residence for child pornography related evidence.  On December 9, 2014, a search of the defendant's residence and the computers seized from the residence revealed child pornography images and search terms on the computers.  Multiple witnesses and emails will link the Google email account containing child pornography to the defendant.

The Government anticipates the aforesaid evidence will be admitted during the trial in this matter through testifying law enforcement investigators, witnesses, seizures from the defendant residence, and electronic and documentary exhibits.

Respectfully submitted,

CHRISTOPHER P. CANOVA
United States Attorney

*/s/ Jeffrey M. Tharp*
Jeffrey M. Tharp
Assistant United States Attorney
Florida Bar No. 45066
21 East Garden Street, Suite 400
Pensacola, FL  32502-5675
Phone:  (850)444-4000

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered via the Court's electronic filing system to defense counsel, Jonathan Dingus, Esq., on this the 14th day of June, 2017.

*/s/ Jeffrey M. Tharp*
Jeffrey M. Tharp
Assistant U.S. Attorney

5