**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v.                                          CASE NO. 5:16cr28-RH-MAF

MICHAEL RAY ALFORD,

      Defendant.

_____/

## <u>ORDER DENYING THE AMENDED § 2255 MOTION</u>

The defendant is serving a sentence in the Bureau of Prisons. After this court entered judgment denying the defendant's amended motion for relief under 28 U.S.C. § 2255, the Eleventh Circuit denied a certificate of appealability, except on grounds 8 and 9. *See Alford v. United States*, No. 22-14318 (11th Cir. Feb. 5, 2024). The court remanded for further consideration of those grounds. This order holds those grounds do not entitle the defendant to relief. And the order denies a certificate of appealability.

### I. Factual Background

The case began with a voice-over-internet call to a K Mart asking the price of a lubricant the caller could use while having sex for the first time with the

caller's six-year-old daughter. The K Mart receptionist reported the call to law enforcement, and good police work identified the defendant's account as the source of the call. A search warrant for the defendant's residence led to discovery of a desktop computer containing a substantial volume of child pornography. The computer had been used to search for "child porn," "7yro+preteen," and similar topics. A notebook with email addresses and passwords associated with the computer was found in the defendant's bedroom.

## II.  Indictment and Trial

An indictment charged the defendant with receiving and attempting to receive child pornography (count 1) and possessing child pornography (count 2). After a full and fair trial, the jury convicted the defendant on both counts. The verdict could not have been a surprise to anyone aware of the evidence. Before imposition of sentence, the government moved to dismiss count 2 as duplicative. The motion was granted, and the defendant was sentenced on count 1 to the minimum mandatory term of 180 months in the Bureau of Prisons.

## III.  Direct Appeal

The defendant appealed. The Eleventh Circuit affirmed, explicitly rejecting the defendant's argument that there was insufficient evidence to support the conviction. The court said this would be the ruling whether review was for plain error or de novo. As part of a more detailed discussion, the court said a "reasonable

jury could have concluded that it was Alford who downloaded the child pornography, not someone else," and that "Alford did not access the child pornography inadvertently." ECF No. 147 at 10–11. The court also rejected the defendant's challenges to denial of a motion to suppress and to introduction of evidence the computer contained child erotica as well as child pornography.

### IV. The § 2255 Motion: Judgment and Appeal

The defendant filed a motion and later an amended motion for relief under 28 U.S.C. § 2255. ECF Nos. 187, 192. The amended motion spanned 50 pages, asserting 11 grounds with scores of subparts. The defendant's primary contention was that she was innocent—an assertion at odds with the overwhelming evidence of guilt and the Eleventh Circuit's decision on direct appeal.

In this district, § 2255 motions are ordinarily referred to magistrate judges for initial handling. That occurred here. The magistrate judge issued a 43-page report and recommendation addressing all 11 grounds of the motion and concluding relief should be denied. ECF No. 286. The defendant filed a one-page "motion notice of appeal and objections" whose entire substance was this:

> This court made a very serious mistake by denying my
> innocence. This court has made a serious mistake in refusing to
> take my statements as Gods truth. This court made a very serious
> mistake in refusing to simply recognize the very fact I have clearly
> explained, word by word, that the appeals court has never ever
> seen, never read, and never addressed, on appeal, that this court
> falsely assumes. This court has made a serious mistake in
> deliberately overlooking the many, many, many, many claims that

was never addressed, reviewed, or even acknowledged. My innocence was completely ignored. This court made a serious mistake in refusing to hold an evindentiary hearing on the disputed facts between the computer evidence, all the mistated facts, false statements, prejudice remarks, and mistated statements of the law, that constitute a serious violation against fair and equal justice. This court seriously and wrongfully used my §2255 relief as a paperweight - a decoy merely to prolong my freedom and innocence. Not only does this serious violate my fundamental right as an innocent person, but also violates my Mother and Father's right to justice that seriously inflicts dire pain and mental suffering and injury.

ECF No. 290 (misspellings in original).

The report and recommendation was accepted, and judgment was entered denying the amended § 2255 motion. The defendant appealed.

The Eleventh Circuit denied a certificate of appealability with this exception: the court concluded the report and recommendation improperly treated grounds 8 and 9 as alleging ineffective assistance of counsel rather than prosecutorial misconduct (ground 8) and trial error (ground 9). Without addressing the defendant's failure to assert in the objections that grounds 8 and 9 were misconstrued or even to mention those grounds, the Eleventh Circuit remanded for this court to address grounds 8 and 9. The court did not address the question whether these issues were preserved. *See United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the

party disagrees with."); *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)

("Parties filing objections to a magistrate's report and recommendation must

specifically identify those findings objected to. Frivolous, conclusive, or general

objections need not be considered by the district court."); *see also* Br. for the

Appellee at 11, 15 (No. 22-14318) (noting the defendant's failure to object in this

case).

## V. The Remand

### *A. Procedural default*

Concluding the remand should be addressed in the first instance by the

magistrate judge who initially misconstrued grounds 8 and 9, I again referred the

case to the magistrate judge. ECF No. 360. The magistrate judge issued a

supplemental report and recommendation. It concludes grounds 8 and 9 were

procedurally defaulted when not raised on direct appeal, the defendant has not

shown cause and prejudice for the default, and the defendant has not shown actual

innocence. ECF No. 362. The conclusion is unassailable. This without more is a

sufficient basis to deny relief on grounds 8 and 9.

This is a different procedural default from the failure to raise these issues in

response to the original report and recommendation. The failure to raise these

issues on direct appeal was a separate, prior procedural default.

After obtaining an extension of time, the defendant has filed objections that reargue the entire case. ECF No. 367. As for procedural default, the defendant says cause consisted of ineffective assistance of counsel, but the ineffective-assistance claims have previously—and properly—been rejected. The defendant also says, "I am innocent without any doubt whatsoever." *Id*. at 7. That is not so. The record includes overwhelming evidence of the defendant's guilt. And the Eleventh Circuit squarely held on direct appeal that there was sufficient evidence to sustain the conviction. Nothing has changed except the number of times the defendant has insisted the jury, this court, and the Eleventh Circuit got it wrong.

### B.  Overview of the merits

Even if grounds 8 and 9 could somehow be deemed not procedurally defaulted, they would remain unfounded on the merits. The defendant has not cited the record in support of her assertions; some assertions are hard to match to what was said or done at trial; and some of the assertions about what was said or done at trial are simply incorrect. A better way to assess the defendant's arguments is simply to read the trial transcript, ECF Nos. 134 & 135, and evaluate the case the government actually presented, rather than to address the defendant's disjointed and sometimes imagined descriptions of what the government proved and contended. The government's closing argument provides a useful summary of the

issues and the evidence the government primarily relied on. *See* ECF No. 135 at 111–23.

An overriding flaw in the defendant's position is her apparent belief that the government cannot introduce an item of evidence or advance an argument based on it unless that item of evidence, standing alone, is sufficient to establish the defendant's guilt. That is simply not so. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. And the government can properly argue that an item of evidence supports or establishes a defendant's guilt even if the argument is disputed—even if the defendant can properly assert the contrary. Disagreements over the import of evidence are the stuff of which jury trials are made.

The many subparts of these defaulted claims would not ordinarily be addressed individually, but given the history of the case, this order ticks through them, one by one. The law of the circuit does not require a district court to address sentence-by-sentence a defendant's rambling assertions, but this order does it anyway, in an effort, probably futile, to avoid an argument by the defendant that her claims have not all been addressed.

### C. Ground 8

The following discussion uses the paragraph numbers from subsection a. of ground 8. *See* ECF No. 192 at 33–38.

1. Officers interviewed the defendant at their first encounter. The defendant falsely denied any connection with a critical email account later proved to be the defendant's. The defendant says it was improper for the government to assert the false denial supported an inference of knowledge of the child pornography transmitted to the account. The question on the § 2255 motion is whether this was government misconduct or denied the defendant a fair trial. The answer is no. A false denial can support an inference of guilty knowledge, and a prosecutor may so argue. There was nothing improper here.

2. The defendant says the government misled the jury by arguing the defendant "used 'teen adult search terms' only to find children, even when no research was conducted on this speculation." ECF No. 192 at 34. In fact, the defendant used many more search terms, some plainly directed to child pornography or erotica. Prosecutors can argue based on common sense, and jurors can use common sense, in evaluating evidence of this kind; research on this, if it would have been admissible at all, was not necessary. There was nothing improper about the government's introduction of, and argument based on, evidence of the defendant's search terms.

3. The defendant says the government and witness—apparently a reference to the government's expert witness—rehearsed misleading and prejudicial conjectures about search terms. The government and its expert probably prepared

for trial—one would hope so—but there is no evidence of any improper preparation or "rehearsal," whatever that might mean. There was no misleading or prejudicial conjecture, just expert testimony that came in largely without objection, and later, proper closing argument based on the evidence and common sense. The defendant says she is right about the evidence—the government is not—but on direct appeal, the Eleventh Circuit held the evidence sufficient to sustain the conviction. There was nothing improper here.

4. The defendant says the government misled the jury by asserting, in the absence of proof, that searching for "preteens" and "lolitas" was "only to find child porn." This is yet another disagreement about the inferences to be drawn from the evidence—again, the stuff of which jury trials are made. There was nothing improper here.

5. The defendant says the government expert's testimony about email placement was incorrect. This is precisely the kind of disagreement the Eleventh Circuit addressed on direct appeal. Here, as the Eleventh Circuit correctly concluded, the accuracy and reliability of this testimony were issues for the jury.

6. The defendant says the government misled the jury by contending she could be convicted of "knowing" receipt of child pornography based on accessing an email account even while unaware of its content. The government did not say this, and the jury instructions were to the contrary. The instructions said the jury

could convict the defendant only if it found beyond a reasonable doubt that the defendant "knowingly received or attempted to receive" a picture of "a minor engaged in sexually explicit conduct" and "knew the picture showed a minor engaged in sexually explicit conduct." ECF No. 66-3 at 7. The instructions said an act is done "knowingly" if it is done "voluntarily and intentionally and not because of mistake or accident." *Id.* at 8. The instructions also required additional findings, including that the picture had been conveyed in interstate commerce and that making the picture involved using a minor engaged in sexually explicit conduct. Nobody misled the jury about what the government was required to prove.

7. The defendant says the government and witness "misled the jury by presenting dales conjectures about her computer skills, based merely upon a note, 'Regedit', attempting to render her ignorance to the computer's 'automatic caching function' implausible." ECF No. 367 at 34 (garbling in original). This is incomprehensible, or nearly so, and in any event is another attempt to substitute a collateral court for the jury as the factfinder.

8. The defendant asserts it was improper for the government to assert an individual's contact was in the defendant's phone because the defendant put it there. True enough, a contact could get into a person's phone in other ways. But usually, when a contact is in a person's phone, the person put it there. The

government can properly so assert. This is more factual minutiae of the kind juries are called on to evaluate—not a basis for collateral relief from a conviction.

9. The defendant asserts the government and witness improperly "induced" the jury to consider the defendant's searching adult websites with a "teen category." This is more fodder for the jury. Nothing improper here.

10.  The defendant asserts the government misled the jury with false conjectures about the defendant's searches for "lolita" and "Pedo." Same song, next verse.

11.  The defendant asserts the government and witness "misled the jury by fabrication false conjectures," *id.* at 35, by proving the defendant opened the computer and worked on parts—this to show the defendant was "not a basic computer user." ECF No. 135 at 119. The defendant's mother and father lived in the same home but had limited or no computer skills. An issue was who used the computer with the child pornography. Overwhelming evidence showed it was the defendant—and the comparative computer skills of the defendant and her parents provided additional support for this conclusion. Nothing here was improper.

12. The evidence established that there were thumbnails—stored copies created by an operating system of original images—on the defendant's computer showing child pornography. The defendant says the government misled the jury by asserting thumbnails cannot be created unless a user viewed the original image.

But the government presented testimony fully supporting its position. *See* ECF No. 135 at 47–48. On direct appeal, the Eleventh Circuit cited that evidence and explicitly ruled that the jury was entitled to rely on it. ECF No. 147 at 11. This evidence was, in any event, a small drop in a large bucket.

13. The defendant asserts the government contended cached files can be managed by a computer's user. This is an even smaller drop—of no real moment at all. And there was nothing improper about this.

14. The defendant asserts the government and witness fabricated unresearched contentions that a user of the defendant's computer managed cache files. This is another contention of little moment. There was nothing improper here.

15. The defendant complains the government and witness made false statements about the defendant's call to the K Mart. But there was nothing false about this—the call happened and was accurately recounted. In a trial where knowledge and intent were the key issues, the defendant's interest in sex with a six-year-old would have been admissible, *see* Fed. R. Evid. 404(b), even if not relevant and admissible on other grounds. And here there were other grounds: a search on the defendant's computer for the brand of lubricant explicitly mentioned in the call was yet another piece of evidence connecting the defendant to the computer. *See* ECF No. 134 at 30 & ECF No. 135 at 45.

16.   The defendant asserts the government misled the jury "based on false and unresearched evidence that" the internet account at issue was the defendant's. Without a further description, one cannot know what was allegedly false or unresearched. Overwhelming evidence established that the defendant was the user of this computer and this account.

17.   The defendant asserts the government improperly asserted the defendant denied using the email account at issue and denied making the call to K Mart—and denied these things to deny involvement with the child pornography. But the government can properly assert, in appropriate circumstances, that false denials show consciousness of guilt. The defendant asserts she had a right to remain silent, as indeed she did, but a defendant who chooses to speak has no right to speak falsely. There was no violation here.

18.   The defendant says the computer was in her parents' apartment and she had no key. But there was eyewitness testimony that the defendant used both the computer and the room it was in, and a notebook in the defendant's bedroom held email addresses and passwords associated with the computer. The government was entitled to present and argue based on that evidence. There was no violation here.

19.   The defendant says the government falsely suggested that just because the defendant emailed family and friends, she knowingly received the emails with

child pornography. This is a complete mischaracterization of the evidence and the government's argument. There was no violation here.

20. Wandering further into the minutiae properly considered by the jury—not a court on collateral review—the defendant says the government "induced" the jury by fabricating conjectures of the defendant's friendship with a source of the child pornography. Communications between a pornography recipient and her source is fair game in a trial where knowledge is an issue. There was nothing improper here.

21. The defendant says the government misled the jury based on evidence that the defendant received zip files with child pornography. The defendant says the email with the zip files was spam and that its alleged placement between other emails did not establish she knowingly received the child pornography. But the receipt of emails with child pornography—how, when, and where they were received—was a proper subject for evidence and argument. That the evidence standing alone did not establish the defendant's guilt does not mean it should have been excluded or could not be the subject of argument. There was nothing improper here.

22. The defendant says the government misled the jury by saying the evidence put only the defendant at the keyboard when certain files were created. A neighbor testified that she saw the defendant at the keyboard, and if the parents

wished to use the computer, the defendant would be the one at the keyboard. ECF No. 135 at 68. In closing argument, the government said—no doubt figuratively as well as literally—that the evidence put the defendant at the keyboard. *Id*. at 118–19 & 122. There was nothing misleading about the testimony or the government's argument.

23.  The defendant asserts the government misled the jury by arguing she was not a "basic" computer user. Opening a computer and substituting parts may not, without more, establish a person's expertise, but it was fair for the government to argue this showed ability beyond the "basic" level. There was nothing improper here.

24. The defendant says the government misled the jury by arguing the parents did not know how to use the computer. That is precisely what a neighbor testified, without objection. *Id*. at 68 lines 8–9. This was fair argument based on the evidence.

25. The defendant says the government improperly induced the jury by asserting the defendant did not have to know she actually received child pornography. The government didn't say this, and the jury instructions were to the contrary, as noted above.

26. The defendant says the government improperly asserted her search for child porn showed her intent to receive child porn, when she was actually

searching for evidence to use in court. This is another instance of the defendant's mistaken view that the government can rely on evidence only if it conclusively establishes guilt. This argument was not improper.

27. The defendant says the government misled the jury by arguing the defendant received the thumbnails at issue, even when no evidence showed the thumbnails came from the internet or an outside source. This argument is difficult to parse. The thumbnails were on the computer. So the original images were on the computer at some point. One doubts the computer came from the factory with the images or thumbnails already there. So they probably came from an outside source. The government was entitled to prove the thumbnails were on the computer and to argue, based on this and a great deal of additional evidence, that the defendant knowingly received the images that led to creation of the thumbnails.

28. The defendant says the government induced the jury on false conjectures that she knowingly possessed the cache files. But the government's theory was that the defendant knowingly received child pornography—and that the files on the computer and other evidence showed this. There was nothing improper here.

29. The defendant says the government improperly argued the defendant hid the cache files. The defendant does not cite the alleged argument, and I have been unable to find it. There is no such assertion in the government's closing argument.

The government did argue, based on its expert testimony, that someone with computer skills—and this could only be the defendant—had deleted and recovered child-pornography files, resulting in their placement in an accessible but obscure file where they would be difficult for others to find. *Id*. at 121–22. There was nothing improper here.

30. Paragraph 30 simply rehashes paragraph 18.

31. The defendant asserts the government contended searching for preteens in 2014 led to creation of the child-pornography files. The government's assertion was that the defendant's inappropriate searches were evidence of her knowledge and intent. An issue was whether the defendant knowingly received the child pornography found on her computer. Evidence that a person has searched for child pornography or even child erotica makes it more likely than it would otherwise be that the person's receipt of child pornography, before or after the search, was knowing. That makes the evidence relevant. *See* Fed. R. Evid. 401 (stating that evidence is relevant if it has any tendency to make a consequential fact more or less probable than it would have been without the evidence). The government's argument along these lines was not improper.

32. The defendant asserts the government improperly relied on evidence that child pornography was "still there" on her computer when "prior awareness" was required for a conviction. A person who knowingly receives child pornography is

likely to retain it, while a person who inadvertently receives child pornography is likely to delete it. It was not improper for the government to argue that the defendant's retention of child pornography was evidence that she had knowingly received it.

33.  The defendant says the government's lack of evidence failed to outweigh its misconduct and mistake[s] of law throughout trial and closing. The Eleventh Circuit ruled on direct appeal that the evidence was sufficient. And the defendant has not shown any government misconduct.

### D. Ground 9

The following discussion uses the paragraph numbers from subsection a. of ground 9. *See* ECF No. 192 at 39–41.

1. The defendant says the jury should have been instructed that the defendant could be convicted only if the jury found she had "the requisite knowledge of the zip files['] content before she received the spam e-mail." *Id*. at 39. Even a timely request for an instruction phrased this way would not have been granted. The instructions as given set out the law more clearly and appropriately with a lower chance of being construed in a manner contrary to law. *See* Jury Instructions, ECF No. 66-3.

The jury was not instructed about "zip files" or "email." As is proper, the jury was instructed at a higher level of generality, leaving it to the jury to analyze

the evidence and apply the law. The jury did not need to find that the child

pornography came from a specific zip file, or that the defendant had knowledge of

everything in a specific zip file, or even that the defendant had knowledge of all

the child pornography in a specific zip file. It was enough for the jury to find the

defendant knowingly received at least one image constituting child pornography.

A hypothetical illustrates the flaw in the defendant's belatedly proposed

instruction. Suppose a person says to a source, "Send me some images of children

having sex with adults, but don't describe the images precisely; surprise me." If the

source sends the person a zip file with images that constitute child pornography

and the zip file also has other content, but the person does not know in advance

precisely what the pornographic images will be or that the file will also have

additional content, must the jury acquit the defendant, on the theory the defendant

did not know the file's content in advance? Of course not. But that would be a

possible reading of the defendant's proposed instruction.

The time to object to the instructions was when they were given, and the

time to seek plain-error appellate review was on direct appeal. *See United States v.

Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). The phrasing of jury instructions is

committed to a district court's discretion, so long as the instructions accurately set

out the law. *Id.* These instructions properly set out the law. Under the instructions,

the jury could return a guilty verdict only on a finding that the defendant

"knowingly received or attempted to receive" an image of a minor engaged in sexually explicit conduct, and only if the defendant knew the image showed a minor engaged in sexually explicit conduct. ECF No. 135 at 135–36; *see also* ECF No. 66-3 at 5–9. The jury was instructed that an act is done "knowingly" if it is done "voluntarily and intentionally and not because of mistake or accident." ECF No. 135 at 138; *see also* ECF No. 66-3 at 8. The jury was instructed it could convict the defendant of attempt only if the defendant "intended to receive" an image showing a minor engaged in sexually explicit conduct. *Id*. at 136; *see also* ECF No. 66-3 at 6. These instructions were unassailable. The jury convicted the defendant not because of erroneous instructions but because the instructions were correct and the government proved the defendant was guilty.

2. The defendant says the jury should have been instructed the defendant could be found guilty only on proof that she "had the requisite knowledge of the software's 'automatic caching function.'" ECF No. 192 at 39. That is just not so. The jury was required to find the defendant knowingly received or attempted to receive child pornography—not that the defendant knew anything about caching. The instructions as given were correct

3. The defendant says the jury should have been instructed the defendant could be found guilty only on proof the child pornography on her computer "came from an 'outside source.'" *Id*. The jury was instructed it could convict only if child

pornography "was conveyed to" the defendant "by a facility of interstate commerce." ECF No. 66-3 at 9–10. The governing law says nothing about an "outside source," whatever that means, but conveyance by interstate commerce is sufficient to meet whatever requirement might be thought to exist.

4. The defendant says images "the Government lack jurisdiction over" should have been excluded. ECF No. 192 at 39. The court had jurisdiction over these charges and all evidence relevant to them. No evidence should have been excluded for lack of jurisdiction.

5. The defendant says the court erred by giving the jury and government "more than one opportunity to try" the defendant "twice on the same offense that violated double jeopardy." *Id*. at 40. This may be a reference to the indictment's inclusion of two counts—one for receipt and one for possession—and simultaneous trial on both counts. The counts arose under separate subsections of 18 U.S.C. § 2252A. The government chose to dismiss the possession count after trial, before sentencing, but the indictment and trial did not subject the defendant to double jeopardy.

6. The defendant asserts the jury should have been told it could convict the defendant only on one count, not both. Any such instruction would have been erroneous. The defendant was charged with and proved guilty of both receipt and possession. The jury properly followed the instructions and found the defendant

guilty on both counts. Dismissing one of the counts before sentencing was to her benefit, not detriment.

7. The defendant says her gender identity was improperly allowed into evidence. Not so. The defendant was treated with respect, and any suggestions of gender identity surfaced only as necessary in communications establishing use of the computer at issue.

8. The defendant makes the same argument about images showing her attire. Same analysis.

9. The defendant asserts images of teen and preteen models were improperly admitted into evidence. This was not improper and caused no harm. With knowledge and intent at issue, evidence of the defendant's interest in teens and preteens was relevant. All the evidence—of child pornography, child erotica, and other interest in children's activities—was handled professionally, without appeals to prejudice.

10. The defendant says the jury should have been told it could not consider the teen and preteen images. Not so. The jury could properly consider all the evidence in the record.

11. The defendant says evidence was improperly admitted despite not having been provided to the defense in advance as required. The defendant has cited no support for the assertion that this happened. I would not have admitted

evidence that was not properly disclosed, absent good cause or excusable neglect and a clear showing of lack of prejudice to the defense.

12. The defendant says the court erred by failing to provide her with evidence and discovery to present a defense in a different light. The Federal Rules of Criminal Procedure, Jencks Act, and cases such as *Brady v. Maryland*, 373 U.S. 83 (1963), set out *the government's* discovery and disclosure obligations, not the court's. The defense attorney is responsible for marshaling evidence and conducting the defense; the court is not.

## VI.  Summary of the Ruling

The report and recommendation correctly concludes that ground 8, which asserts government misconduct at trial, and ground 9, which asserts errors by the court in conducting the trial, could have been raised on direct appeal and are procedurally defaulted. The grounds are also unfounded on the merits. The predominant theme in the defendant's objections—and throughout her § 2255 motion and other filings—is that she is actually innocent. But the evidence of guilt was overwhelming. The Eleventh Circuit explicitly held, on direct appeal, that the evidence of guilt was sufficient to sustain the conviction. This order accepts the report and recommendation and adopts it as the court's further opinion.

## VII.  Certificate of Appealability

A defendant may appeal the denial of a § 2255 motion only if the district

court or court of appeals issues a certificate of appealability. Under 28

U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right." *See Miller-*

*El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473,

483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams*

*v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a

§ 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that
> reasonable jurists could debate whether (or, for that matter, agree
> that) the petition should have been resolved in a different manner
> or that the issues presented were "adequate to deserve
> encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to

obtain a certificate of appealability when dismissal is based on procedural grounds,

an applicant must show, "at least, that jurists of reason would find it debatable

whether the [motion] states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a

certificate of appealability.

## VIII.  Conclusion

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The defendant's amended motion, ECF No. 192, for relief under 28 U.S.C.

§ 2255 is denied. The clerk must enter judgment and close the file.

SO ORDERED on September 4, 2025.

s/Robert L. Hinkle                         
United States District Judge
